## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF VERMONT.

### RUTLAND COUNTY, FEBRUARY TERM,
### A. D. 1802.

JONATHAN ROBINSON, *Chief Judge.*
ROYALL TYLER, } *Assistant Judges.*
STEPHEN JACOB, }

---

ISRAEL BEEDLE *against* GRANT and DARLING.

*INDEBITATUS ASSUMPSIT* for monies had and received.

Issue in fact joined and submitted to the Court.

#### Statement of facts.

It is agreed by the attornies for the parties on record in the above suit, that the defendants did promise the plaintiff to pay him the interest of two sums of money contained in two writs of execution, in favour of the plaintiff and against the defendants, for

An action of *indebitatus assumpsit* will not lie to recover the interest accruing upon a judgment debt during the suspension of the execution by the creditor. Nor can the plaintiff shew an express promise to pay such interest under the general count.

Beedle
v.
Grant and
Darling.

and during the time the plaintiff had delayed the collection of said executions, on application and at the request of the defendants.

*John Cook*, for the defendants.

*Cephas Smith*, Junior, for the plaintiff.

The questions made were,

First. Whether a promise of this nature could be embraced in a general count of *indebitatus assumpsit* for money had and received; and if not,

Secondly. Whether the express promise could be shewn in evidence in support of the general count.

*John Cook.* The plaintiff has declared in general *indebitatus assumpsit.* If he can maintain his action it must be upon an implied promise in the defendants to pay the sum demanded, growing out of the equity of the case.

The elementary and systematic writers are full upon this subject. They have pointed out all the variety of cases in which the action upon implied *assumpsit* will lie, and none of them compare with this case. Neither after assiduous search can we find a single authority or even dictum of a Judge, countenancing a recovery upon an implied promise of this novel kind.

Neither does it grow out of the principle of implied promises, which rests on the obligations of natural justice. When I loan a man my property, natural justice requires he should return it, but not that he should render me interest for the usufruct; for the interest of monies is a creature of the municipal law, and often thwarts the principles of natural justice.

If my unfeeling creditor, who is pursuing me by legal process to prison, should for a time slacken his avaricious pursuit, the law will not imply in me a promise to pay him for this semblance of humanity, when perhaps his object was not to favour me, but to first make his debt certain by judgment, and then by the terrors of his writ of execution compel the sacrifice of my property, or payment of usury, or by a succession of suits from term to term, to recover the interest supposed to accrue on his judgment, oppress me with costs.

If this action will lie in this case, it will lie in every case where a creditor suffers his judgment to remain without taking out his writ of execution. It will gender a multiplicity of vexatious suits, and go abreast of all former practice, which has been in cases where, through the lenity of the creditor, or other causes, the judgment has rested dormant so long as to make the interest an object to bring debt or *scire facias* upon it, and have the interest included in the second judgment.

It being therefore clear, that an action on implied *assumpsit* will not embrace this case, the plaintiff, aware of this, attempts to buttress his declaration by shewing an *express promise.*

If the plaintiff relies upon an express promise, he ought to have brought a special action on the case; for in declaring upon an express *assumpsit* it is always necessary to set out for what the debt became due, and not generally that being indebted he or they promised to pay, &c. and the breach assigned in the declaration should always follow the undertaking

stated. *Esp. Dig.* p. 134, 135. *Vin. Abr.* vol. 1. p. 270. *Com. Dig.* vol. 1. p. 188.

There appear cogent reasons for obliging the plaintiff to set forth an express promise at large in his declaration.

First. That the defendant may be prepared for his defence.

Secondly. That the Court may judge whether the promise can be sustained in law.

Thirdly. That the promise being spread on the record, the defendant may plead the judgment rendered upon it in bar to an after suit.

*Cephas Smith,* Junior, *contra.* There can be no doubt that where an action upon an implied promise will lie, an express promise may be shewn under a general count, for it will not lessen or do away a promise which the law implies that a man has made from principles of equity, to shew that he has been honest enough to confirm it by his word.

We contend that the action of implied *assumpsit* well lies here. The defendants owed the plaintiff several sums of money. When these sums were reduced to judgment debts, the interest was suspended, but *non constat* that it ceased to accrue in equity; for this suspension of interest arose *ex necessitate rei,* for on debt on judgment the Court would include the interest from the first to the second judgment. This second judgment of the Court is not founded on contract or express promise, but arises out of the equity of the case, and shews, that the Courts consider that there is an obligation of natural justice binding upon the defendant to pay such interest. The plaintiff here delayed the levy of his writs of execu-

tion, and was damaged in his interest by so doing; and surely, though this particular case is not noted in the books, the general principle will apply; and the interest of the several sums accruing upon the judgments will be considered by the Court as monies of the plaintiff in the hands of the defendant, which in equity and good conscience they ought to refund him.

The reasons rendered why we should have declared specially are done away by the statement of the evidence signed by the counsel, and made part of the record. From this statement the defendants might be and were prepared for their defence. The Court could judge of the legality of the contract, and the defendants may be able to plead the judgment in bar to a future suit.

*Per Curiam.* The Court are clearly of opinion, that an action of general *indebitatus assumpsit* will not lie in this case; that the plaintiff should have declared on the express promise, which cannot be shewn under a general count, where the general count cannot be sustained.

Judgment for defendants—Costs.

*Cephas Smith*, Junior, for plaintiff.
*John Cook*, for defendants.